UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2368-DOC (KK) | Date | November 24, 2015 |
|---|---|---|---|
| Title | Dustin Debruyn v. Superior Court of California, County of Riverside | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust**

# I.
# INTRODUCTION

On October 25, 2015, petitioner Dustin Debruyn ("Petitioner") constructively filed a Petition ("Petition") for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 in the United States District Court for the Northern District.[1] See Pet. On November 17, 2015, this Court received the Petition from the United States District Court for the Northern District of California. See Dkt. 5, Notice of Receipt of Case Transferred. Petitioner purports to challenge his 2013 convictions for violations of California Penal Code sections 288 and 290. Pet. 1. However, the Petition appears subject to dismissal because Petitioner has not exhausted his state remedies. Accordingly, the Court issues this **Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust**, and specifically orders Petitioner to respond in writing on or before **December 24, 2015**. The Court further directs Petitioner to review the information below, which explains why the federal Petition appears subject to dismissal and may assist Petitioner in determining how to respond.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on October 25, 2015. See ECF Docket No. (Dkt.) 1, Pet. Thus, the Court deems October 25, 2015 the filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2368-DOC (KK) | Date | November 24, 2015 |
|---|---|---|---|
| Title | Dustin Debruyn v. Superior Court of California, County of Riverside | | |

## II.
## THE EXHAUSTION REQUIREMENT

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

In this case, Petitioner raises five purported claims for relief in his federal habeas Petition: (1) Petitioner was subject to a coerced confession; (2) Petitioner's trial counsel was ineffective for forcing Petitioner to take a "deal without knowing the plea guilty bargain"; (3) Petitioner's trial counsel was ineffective for failing to ask about Petitioner's "educational level, IQ level, [and] ability to distinguish right[] from wrong"; (4) the trial court failed to order Petitioner to "see a psychiatrist for evaluation of Department of Probation report"; and (5) Petitioner's trial counsel was ineffective for failing to challenge the trial court's failure to order a psychiatric evaluation. Pet. 4-6.

Petitioner states he neither appealed from the judgment of his conviction nor appealed to the California Supreme Court. Id. at 1, 3. Petitioner also states he has a pending petition or application in the Superior Court of California for the County of Riverside that raises California Penal Code section 1170.18, his allegedly coerced confession, and the alleged ineffective assistance of his trial counsel. Id. at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2368-DOC (KK) | Date | November 24, 2015 |
|---|---|---|---|
| Title | Dustin Debruyn v. Superior Court of California, County of Riverside | | |

Therefore, it appears the California Supreme Court has not ruled on any of the grounds Petitioner raises in the instant Petition, and thus none of the grounds raised have been exhausted. If this is correct, the Petition is subject to dismissal.

### III.
### PETITIONER'S OPTIONS

Petitioner is therefore ordered to show cause why the Petition should not be dismissed without prejudice by electing one of the following options:

(1) If Petitioner contends he has exhausted his state court remedies with respect to the claims raised in his federal habeas Petition, he should clearly explain in a written response to this Order to Show Cause. Petitioner must file his written response on or before **December 24, 2015**. Petitioner should attach to his response copies of any documents establishing his claims are exhausted.

(2) Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience**. If Petitioner chooses this option, he must file his dismissal request on or before **December 24, 2015**. The Court advises Petitioner, however, the statute of limitations may time bar any dismissed claims Petitioner raises in any subsequent habeas petition. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, prosecute, and/or obey court orders.**